UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA E. COLLINS,
    Petitioner,

vs.

WARDEN, OHIO REHABILITATION
CORRECTIONAL CENTER
    Respondent.

Case No. 1:17-cv-48

Dlott, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution,[1] has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on petitioner's motion to dismiss (Doc. 9) and petitioner's response in opposition (Doc. 11). Also before the Court is petitioner's motion to expand the record. (Doc. 13).

I.     **BACKGROUND**

The docket sheets for the Scioto County Court of Common Pleas[2] establish that petitioner was indicted on August 5, 2016, in Case No. 16-CR-557, on three counts of rape. (*See* Doc. 9-1, at PageID 296-97). On October 6, 2016, petitioner, then represented by counsel, entered a plea of guilty to one count of rape. (*See* Docs. 1, at PageID 1; 9-1, at PageID 298). On November 10, 2016, petitioner was sentenced to a jointly recommended and agreed sentence of eight-years in the Ohio Department of Rehabilitation and Corrections, with credit for time served, followed by mandatory post-release control for a maximum of five years. (*See* Doc. 9-1, at PageID 299).

---

[1] According to the Ohio Department of Rehabilitation and Corrections' website and petitioner's response in opposition to respondent's motion to dismiss (Doc. 11, at PageID 310), petitioner is currently incarcerated at the Chillicothe Correctional Institution. The Clerk of Court is **DIRECTED** to update the docket sheets to reflect petitioner's proper address and the proper respondent.

[2] Respondent has attached as an exhibit to the motion to dismiss a copy of the Scioto County Court of Common Pleas docket sheets for Case No. 16-cr-557. (*see* Doc. 9-1). This Court takes judicial notice of the facts set forth in the submitted docket sheets. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.") (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

Petitioner was additionally ordered to register as a Tier III sex offender. (*See* Doc. 9-1, at PageID 299). The remaining two counts in the indictment were dismissed. (*See* . 9-1, at PageID 299). Petitioner did not appeal. (*See* Doc. 5, at PageID 148).

In January 2017, petitioner commenced the instant federal habeas action. (*See* Doc. 1). In his signed petition (Doc. 5) filed in compliance with this Court's order issued on January 31, 2017 (Doc. 4), petitioner raised the following four grounds for relief:

> **GROUND ONE**: Dates were changed.
>
> **Supporting Facts:** [D]ates from the official police report were changed because the supposed victim did not live in this state at the time of the alleged 1st incident and the alleged victim lived with father during alleged 2nd incident.
>
> **GROUND TWO**: [I]nterviewer told plaintiff what to write:
>
> **Supporting Facts:** [T]he plaintiff wrote his statement and when the interviewer agent Hall came back into the room and read his statement she told him to add things to his statement because he did not say what she wanted him to say.
>
> **GROUND THREE**: [A]lleged victim could not be found.
>
> **Supporting Facts:** [T]he prosecutor sent out subpoenas and the alleged victim[] and his family could not be found to be served nor did they appear at any court proceeding.
>
> **GROUND FOUR**: No evidence was presented for the plaintiff.
>
> **Supporting Facts:** [T]he attorney of record Robert S. Straton did not investigate the case. He did not present any evidence or signed statements. He raised no objections to anything or any procedures. He did not demand to speak with alleged victim or bother to find out any facts about alleged victim.

(*See* Doc. 5, at PageID 151, 153-54, 156).

Respondent has filed a motion to dismiss the petition without prejudice, arguing that petitioner has not exhausted available state court remedies because petitioner has failed to present his grounds for relief to the Ohio state courts and may still do so through a delayed appeal in the

2

Ohio Court of Appeals. (Doc. 9). In his response in opposition, petitioner concedes that he did not present his grounds for relief to the state courts, but states that he did not do so "because the presiding judge, prosecuting attorney, and [p]etitioner's defense attorney said he waived all of his rights to [an appeal] by taking a plea deal" and "he did not feel he would receive a fair, adequate, and impartial judgment." (Doc. 11, at PageID 304).

## II. THE AMENDED PETITION SHOULD BE STAYED SO THAT PETITIONER MAY EXHAUST HIS CLAIMS IN THE OHIO COURTS.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state

appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

This case does not involve a "mixed" petition containing both exhausted and unexhausted claims because petitioner has never presented his claims to the state courts for their consideration. (*See* Doc. 5 at PageID 148-49). Because petitioner has not presented his claims for federal habeas corpus relief to any state court, this Court may require petitioner to return to the state courts to exhaust his claims as long as an avenue of relief still remains open to him there. As respondent has contended in the motion to dismiss (Doc. 9, at PageID 293-94), the remedy of a delayed appeal under Ohio R. App. P. 5 arguably remains available. Further, although not addressed by respondent, the remedy of a petition for state post-conviction relief pursuant to Ohio Rev. Code § 2953.21[3] arguably remains to the extent that petitioner is bringing a claim of ineffective assistance of trial counsel that relies on evidence outside the record. *See Godbolt v. Russell*, 82 F. App'x 447, 449-50 (6th Cir. 2003) (in affirming the district court's decision to dismiss a habeas

---

[3]"[U]nder Ohio law, there are two categories of ineffectiveness claims which must be raised in post-conviction proceedings: (1) ineffective assistance claims that rely on evidence outside the trial record or (2) ineffective assistance claims where trial counsel also served as appellate counsel, as counsel is not expected to assert his or her own ineffectiveness." *Raglin v. Mitchell*, No. 1:00-cv-767, 2013 WL 5468227, at *7 (S.D. Ohio Sept. 29, 2013).

4

petition on exhaustion grounds, the Sixth Circuit stated: "No matter how unlikely it seems that [the state post-conviction] petition will fall within the narrow exception contained in [Ohio Rev. Code § 2953.23], it is for the state courts to interpret and enforce their laws on such issues."); *see also Harris v. Warden, Madison Corr. Inst.*, No. 1:11cv414, 2012 WL 1552757, at *4-5 (S.D. Ohio Apr. 30, 2012) (Litkovitz, M.J.) (Report & Recommendation) (involving the arguably available remedy of a successive post-conviction petition), *adopted*, 2012 WL 1902435 (S.D. Ohio May 25, 2012) (Barrett, J.).

Because it appears that there are available avenues of relief in the state courts for petitioner to exhaust his claims for federal habeas relief, the Court must next address whether the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

5

2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms v. Russell,* No. 1:08-cv-079, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009).  *But cf. Heleva v. Brooks*, 581 F.3d 187, 191-92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same).  Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims."  *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.

However, in *Hickey v. Hoffner*, 701 Fed. App'x 422, 426 (6th Cir. June 30, 2017), the Sixth Circuit considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims.  After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit

6

remanded the case to the district court to determine if the petitioner could show good cause for failing to raise his claims in the state court. If so, the Sixth Circuit directed, the district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.* at 426-27.

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective

assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, out of an abundance of caution, the undersigned recommends that the

8

petition should be stayed so that petitioner may attempt to exhaust his claims in the Ohio courts. Petitioner's stated confusion as to the availability of appellate review following his guilty plea (*see* Doc. 11, at PageID 304) arguably constitutes good cause for petitioner's failure to exhaust available avenues of relief prior to filing a habeas petition in this court. *See Tullis, supra,* 2007 WL 915197, at *6. Further, at this point in the proceedings, the Court cannot conclude that all of petitioner's claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277-78. *Cf. Rice v. Trippett*, Civ. Act. No. 99-cv-76237-DT, 2000 WL 791667, at *8 (E.D. Mich. June 6, 2000) ("When a petitioner is convicted as a result of a guilty plea, habeas review is limited to whether the plea was made voluntarily, intelligently, or knowingly."). Additionally, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, and out of concern that the dismissal of the amended petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 9) be **GRANTED** to the extent that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

In light of the undersigned's recommendation that this action be stayed, petitioner's motion

to expand the record (Doc. 13) is **DENIED** without prejudice subject to refiling if and when appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED** to the extent that the amended petition (Doc. 5) be administratively **STAYED** and **TERMINATED** on the Court's **active docket** pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should

be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to expand the record (Doc. 13) is **DENIED** without prejudice subject to refiling if and when appropriate. The Clerk of Court is **DIRECTED** to return the four compact disks received with the motion to petitioner.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA E. COLLINS,　　　　　　　　　　　Case No. 1:17-cv-48
　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Dlott, J.
vs.　　　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, OHIO REHABILITATION
CORRECTIONAL INSTITUTION
　　　Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).