# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSHUA E. COLLINS,<br>    Petitioner, | Case No. 1:17-cv-48 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, RICHLAND<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on petitioner's motions to reinstate this habeas corpus action (Docs. 20, 21), which was administratively stayed and terminated on the Court's active docket on March 12, 2018, while petitioner exhausted his state-court remedies. (*See* Docs. 14, 17, 18).

On February 8, 2019, the Court ordered petitioner to show cause why the action should not remain stayed because it appeared that petitioner had not yet exhausted his available remedies. (Doc. 23). Specifically, the Court found that "it does not appear from the record that petitioner has presented his grounds for relief to the state courts through a delayed appeal under Ohio R. App. P. 5 to the Ohio Court of Appeals."

On February 15, 2019, petitioner's mother, Teresa Harris, filed a response on petitioner's behalf. (Doc. 24). Because it did not appear that Harris was an attorney licensed to practice law in this Court or that petitioner was unable to prosecute the case on his own behalf, the Court found that Harris could not appear on petitioner's behalf and allowed petitioner additional time to respond to the Court's February 8, 2019 show cause Order. (*See* Doc. 25).

On February 28, 2019, petitioner filed a response. (Doc. 26). Therein, petitioner acknowledged that he has not yet exhausted his available state-court remedies. (*Id*. at PageID 437). Because petitioner has acknowledged that he has not yet exhausted his available state-

court remedies, the undersigned **RECOMMENDS** that petitioner's motions to reinstate his habeas case (Docs. 20, 21) be **DENIED without prejudice** to refiling upon his compliance with the conditions of the March 12, 2018 stay order.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motions to reinstate this habeas corpus action (Docs. 20, 21) be **DENIED without prejudice** and that this action remain stayed and terminated on the Court's active docket pending petitioner's compliance with the conditions of the March 12, 2018 stay order.

2. A certificate of appealability should not issue with respect to petitioner's motions to reinstate this habeas corpus action (Docs. 20, 21) because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. See *Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOSHUA E. COLLINS,
    Petitioner,

vs.

WARDEN, RICHLAND
CORRECTIONAL INSTITUTION**,**
    Respondent.

Case No. 1:17-cv-48

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).