UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA E. COLLINS, | : | Case No. 1:17-cv-48 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Susan J. Dlott |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN, RICHLAND | : | |
| CORRECTIONAL INSTITUTION,[1] | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on petitioner's July 17, 2024 motion to reinstate this 28 U.S.C. § 2254 habeas corpus action (Doc. 37), which was administratively stayed and terminated on the Court's active docket on March 12, 2018, while petitioner exhausted his state-court remedies.  (*See* Docs. 14, 17, 18).

More specifically, at the time of the stay, the remedy of a delayed appeal under Ohio R. App. P. 5 arguably remained available.  The remedy of a petition for state post-conviction relief pursuant to Ohio Rev. Code § 2953.21 also arguably remained, to the extent that petitioner was bringing a claim of ineffective assistance of trial counsel that relied on evidence outside the record.  (Doc. 14, at PageID 332) (footnote omitted).

---

[1] The Ohio Department of Rehabilitation and Correction (ODRC) website indicates that petitioner is currently on APA Supervision.  *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A730435.  Petitioner has provided an updated address to the Court.  (Doc. 41).  In this regard, the undersigned also notes that, even though it appears that petitioner is currently on post-release control, the petition is not moot.  "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement."  *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016)).  "Because [petitioner] remains on supervised release, he is thus 'in custody,' and no question of mootness exists."  *Id.*

On July 22, 2024, the Court ordered petitioner to show cause why the action should not remain stayed because petitioner's motion to reinstate the case (Doc. 37) was not supported by argument or exhibits establishing that he had exhausted his remedies or otherwise complied with the conditions of the stay. (Doc. 38).

Petitioner responded to the Court's Order on August 8, 2024. (Doc. 39). In his response, petitioner contends that he has "exhausted all state remedies to the best of [his] abilities." (Doc. 39, at PageID 617). He has also submitted various exhibits, including, in relevant part: docket sheets from the trial court (Doc. 39, at PageID 666-69); an August 20, 2018 trial court Judgment Entry dismissing petitioner's May 10, 2018 motion to vacate or set aside judgment of conviction or sentence as untimely (Doc. 39, at PageID 676); an August 20, 2018 trial court Judgement Entry overruling for lack of jurisdiction petitioner's May 10, 2018 application to reopen his direct appeal (Doc. 39, at PageID 679); three Orders from petitioner's 2019 state appellate case, directing petitioner to correct various deficiencies and noting that it appeared that the court lacked jurisdiction due to an untimely notice of appeal (Doc. 39, at PageID 630-32); an appellate brief filed by the prosecuting attorney (Doc. 39, at PageID 624-29); and a January 7, 2019 letter from the Ohio Supreme Court, declining to file an appeal petitioner submitted from a purported court of appeals decision dated May 10, 2018 (the date of the post-conviction motions that petitioner filed in the trial court) and noting that the provision for filing a delayed appeal does not apply to appeals involving postconviction relief (Doc. 39, at PageID 634).

The Court has also reviewed the state appellate court's docket record, which indicates that petitioner filed a notice of appeal on March 11, 2019, "appealing from a final judgment filed

2

November 8, 2016"; filed a second notice of appeal on April 9, 2019, "appealing from Judgment Entry of 11/10/2016";[2] "perfected [his] appeal" on April 9, 2019; and filed a third notice of appeal, with attachments, on July 16, 2019.[3] The appellate docket record (available at footnote 3) also indicates that the court of appeals dismissed the case on November 12, 2019 "[b]ecause the appeal [was] untimely." Importantly, as with petitioner's previous April 13, 2020 motion to reinstate his habeas case (*see* Doc. 35, at PageID 610 (containing a copy of the Court's April 28, 2020 Order to Show Cause and setting forth the procedural history of the stay in this case)), there is no indication in petitioner's most recent submission (Doc. 39), or in the state appellate court's docket record (*see* footnote 3), that petitioner sought review in the Supreme Court of Ohio of the state appellate court's November 12, 2019 decision dismissing his appeal. The January 7, 2019 letter from the Ohio Supreme Court submitted by petitioner (Doc. 39, at PageID 634) predates the state appellate court's November 12, 2019 decision and, therefore, appears inapplicable.

Because petitioner still appears to have an available avenue of relief in the form of a delayed direct appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' November 12, 2019 decision dismissing his appeal, *see* S. Ct. Prac. R. 7.01(A)(4), the undersigned **RECOMMENDS** that petitioner's motion to reinstate his habeas case (Doc. 37) be **DENIED**

---

[2] The record in this case shows that on October 6, 2016, petitioner, then represented by counsel, entered a plea of guilty to one count of rape. (*See* Doc. 14, at PageID 329). On November 10, 2016, petitioner was sentenced to a jointly recommended and agreed sentence of eight years in the ODRC, with credit for time served, followed by mandatory post-release control for a maximum of five years. (*See id.*).
[3] *Viewed at*:
https://www.sciotocountycpcourt.org/eservices/searchresults.page?x=fO*3GSzRvpuvkIwoVpwxoGtZEphtNSIiXaUmp3SuLkTiwoBG4FHXWWJdpaIyDBWmszbt5AfPIn4B76MacwprYg (*State of Ohio v. Joshua E. Collins*, Case No. 19-CA-3875, filed in the Court of Appeals of Ohio, Fourth Appellate District, Scioto County). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

**without prejudice** to refiling upon his compliance with the conditions of the March 12, 2018 stay order.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motions to reinstate this habeas corpus action (Doc. 37) be **DENIED without prejudice** and that this action remain stayed and terminated on the Court's active docket pending petitioner's compliance with the conditions of the March 12, 2018 stay order.

2. A certificate of appealability should not issue with respect to petitioner's motions to reinstate this habeas corpus action (Doc. 37) because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on

---

[4]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 5, 2025                  *s/Stephanie K. Bowman*
                                               STEPHANIE K. BOWMAN
                                               United States Magistrate Judge